UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VARONICA CLAYBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19 CV 1900 DDN |
| | ) |
| BUREAU OF ALCOHOL, TOBACCO, | ) |
| FIREARMS & EXPLOSIVES; NORTH | ) |
| COUNTY; AND ST. LOUIS CITY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This lawsuit is before the Court on the motion of defendant Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), because it fails to state a claim upon which relief can be granted. (Doc. 6). Plaintiff filed a one-page complaint in the Circuit Court of the County of St. Louis on May 14, 2019. (Doc. 1, Ex. 5). The entirety of plaintiff's complaint is as follows:

> I Varonica Clayburn is filing a law suit against North County for searching my home without a warrant and the ATF for kicking down my door and placing me and my children outside trashing our home and making jokes about things that was in our home and going to my child school humiliating him in front of classmates and placing him under arrest for a murder charge he did not commit.

(*Id.*).

A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For a complaint to state a plausible claim for relief requires the plaintiff to allege the circumstances of the alleged incident, and in reviewing the complaint the Court is required to draw upon its experience and common sense. *Id.* at 679. The Court must assume the well-pleaded facts are true, but the Court does not have to accept as true merely general statements about what the law requires or prohibits. *Id.* at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough) (citing *Twombly*, 550 U.S. at 555).

Plaintiff's complaint does not identify a specific cause of action, nor does it state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6). Plaintiff must include more details about the basis of her claims, including dates, as well as a demand for the relief plaintiff seeks. The Court believes that plaintiff's complaint does not satisfy what the law requires for the case to go forward.

Because plaintiff is proceeding without counsel, the Court will not dismiss plaintiff's complaint at this time, but will give plaintiff an opportunity to replace the original complaint with an amended complaint, in order to state what the law requires. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, a copy of which is attached to this Memorandum and Order and which is also available on the Court's website and in the Clerk's Office.

Also, plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each statement be simple, concise, and direct. Rule 10 requires plaintiff to state the claims in separate, numbered paragraphs. Each paragraph should describe a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must state the full name, to the extent plaintiff knows it, of each defendant being sued. Plaintiff should also indicate whether each defendant is being sued in his or her individual capacity, official capacity, or both. The failure to sue a defendant in his or her individual capacity may

result in the dismissal of that defendant. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to the claim.

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting a claim or claims against that defendant. Plaintiff should state the date, time, place, and people involved in each incident. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff may seek relief from one defendant, and set forth as many claims as plaintiff has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff is suing more than one defendant, plaintiff should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting the claim or claims against that defendant. Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that, not later than September 12, 2019, plaintiff must file an amended complaint in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that the Clerk of Court must mail to plaintiff along with a paper copy of this Memorandum and Order a blank Civil Complaint form. Plaintiff may request additional forms as needed. If plaintiff fails to file an amended complaint by September 12, 2019, the Court will dismiss this action without prejudice and without further notice.

      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 9, 2019.